IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL J. BUKOVINSKY, II, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-934 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Bissoon |
| COMMONWEALTH of PENNSYLVANIA, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons stated below, it is respectfully recommended that the claims against Defendant be dismissed *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B), as being frivolous and malicious, and for failure to state a claim for which relief can be granted.

### II. REPORT

Plaintiff Paul J. Bukovinsky, II, ("Plaintiff") filed the instant cause of action against Defendant Commonwealth of Pennsylvania ("Defendant") with this Court on July 18, 2011, pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 *et seq*. (Doc. 1). In his complaint, Plaintiff alleges violations of his rights under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America. Compl. (Doc. 4 at 3). Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on August 5, 2011. See Order of Aug. 5, 2011. Plaintiff seeks monetary damages from Defendant. (Doc. 4 at 3).

Plaintiff complains that, on July 7, 2010, he was found in contempt of court on multiple occasions for violating a support order issued earlier by a state court.  Id. ¶ 1.  Plaintiff also alleges, quite obliquely, that he pleaded nolo contendere to allegedly false charges involving sending a doctored email to himself from his ex-girlfriend's email account in order to influence the outcome of a hearing over the custody of their minor child.  (Doc. 3-3 at 10-18; 37)  Plaintiff also makes reference to allegations that he impersonated a police officer in October of 2006, which were not recorded in a police report until January of 2007.[1]  (Doc. 3-1 ¶¶ 30-31); (Doc. 3-3 at 39).

28 U.S.C.§ 1915 (as amended) requires the federal courts to review complaints filed by persons that are proceeding IFP and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Thus, a court must dismiss, *sua sponte*, a complaint that lacks arguable merit in fact or law.  Stackhouse v. Crocker, 266 F.App'x 189, 190 (3d Cir. 2008) (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)). The standard for reviewing a complaint under this section 1915(e)(2)(B) is the same as that for determining a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999); see also Banks v. Mozingo, No. 08-004, 2009 WL 497572, at *6 (W.D.Pa. Feb. 26, 2009) (Cercone, J.)

A.     **Heck Bar**

Initially, it is clear from the face of the complaint that any claims arising from Plaintiff's

---

[1] It is unclear from the complaint whether Plaintiff was ever charged with a crime stemming from this alleged event.

plea of nolo contendere to crimes related to his hacking into his ex-girlfriend's email account are barred by the Supreme Court's holding in Heck v. Humphrey. 512 U.S. 477 (1994). In Heck, the Court determined that civil rights law was not meant to provide a means for collaterally challenging the validity of a conviction through the pursuit of money damages. In so concluding, the Court announced the following rule:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87.

To enter a judgment in favor of Plaintiff on claims related to his conviction in state court would be to call into question the validity of that conviction and resulting sentence, which clearly is barred by the Supreme Court's holding in Heck. Thus, these claims, to the extent that they are made, should be dismissed, *sua sponte*.


### B. Eleventh Amendment Immunity

Next, it is clear from the face of the complaint that the sole Defendant to this action – the Commonwealth of Pennsylvania – is immune from suit in federal court. A lawsuit for damages against a state is barred by the Eleventh Amendment. Quern v. Jordan, 440 U.S. 332, 340-341 (1979). It is true that "[a] State's immunity from suit is not absolute. Congress may abrogate a State's sovereign immunity in the exercise of its power to enforce the Fourteenth Amendment, and a State may consent to suit by making a clear declaration that it intends to submit itself to

3

federal court jurisdiction." Lombardo v. Pennsylvania Dep't of Pub. Welfare, 549 F.3d 190, 195-96 (3d Cir. 2008). However, Congress has not abrogated the states' immunity from suit in section 1983 actions. Nails v. Pennsylvania Dep't of Transp., 414 F.App'x 452, 455 (3d Cir. 2011) (citing Quern, 440 U.S. at 342 -45). Additionally, Pennsylvania has withheld its consent from suit in federal court. See 42 Pa. Cons. Stat. Ann § 8521(b); See also Nails, 414 F.App'x at 455 (citing Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981). As such, it is apparent that Defendant is immune from suit. Accordingly, Plaintiff's claims should be dismissed.

### C. Absolute Judicial Immunity

To the extent that Plaintiff attempts to state a claim against the state judicial officials involved in the support order and contempt citations, his claims fail under the doctrine of absolute judicial immunity. Under this doctrine, immunity from suit applies to judicial officers in the performance of their official duties, thereby relieving them from liability for judicial acts. Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (citing Mireles v. Waco, 502 U.S. 9 (1991)). Furthermore, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction."" Azubuko, 443 F.3d at 303 (quoting Stump v. Sparkman, 435 U.S. 349, 356–57 (1978)) (internal quotations omitted). Plaintiff's allegations relate to actions taken by judges pursuant to their judicial authority. Furthermore, Plaintiff fails to allege any facts that would lead to the conclusion that the judicial officials involved in the proceedings underlying his claims acted in a manner that was clearly outside of their jurisdiction. As such, these claims, to the extent that they are made, should be dismissed.

### D. *Rooker-Feldman* Doctrine

Alternatively, Plaintiff's claims should be dismissed under the *Rooker-Feldman* doctrine. This doctrine of abstention prevents such claims attacking state court judgments from being adjudicated in lower federal courts. This was succinctly explained in <u>Exxon Mobil Corp. et al. v. Saudi Basic Industries Corp.</u>, 364 F.3d 102 (3d Cir. 2004):

> The *Rooker-Feldman* doctrine . . . prevents lower federal courts from sit[ting] in direct review of the decisions of a state tribunal. Because Congress has conferred jurisdiction to review a state court's decision only on the Supreme Court, lower federal courts lack the power to decide claims in which the relief requested . . . requires determining that the state court's decision is wrong . . . [or where it] void[s] the state court's ruling. As we recently explained, a claim is barred by *Rooker-Feldman* under two circumstances: first, if the claim was actually litigated in state court prior to the filing of the federal action or, second, if the claim is inextricably intertwined with [the] state adjudication.

<u>Id.</u> at 104 (internal citations and quotations omitted). Plaintiff seeks a judgment of monetary damages essentially as a method to undo the support award and any fines that he incurred as a result of being found in civil contempt by the state courts. It is indisputable that his claims in the instant suit are inextricably intertwined with the underlying state court adjudications. They are, indeed, merely Plaintiff's attempt to overturn those judgments, thinly disguised as a civil rights complaint. See <u>Skinner v. Switzer</u>, 131 S.Ct. 1289, 1297 (2011). Consequently, Plaintiff's claims with respect to his family court proceedings are barred by the *Rooker-Feldman* doctrine, and should be dismissed.

## III. CONCLUSION

For the reasons stated above, it is respectfully recommended that this case be dismissed, *sua sponte*, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).  Additionally, as it is clear that leave to amend would be futile, dismissal should be with prejudice.  See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, Plaintiff is allowed until August 24, 2011, to file objections to this report and recommendation.  Failure to file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


Dated: August 10, 2011                                       s/Cathy Bissoon
                                                             CATHY BISSOON
                                                             UNITED STATES MAGISTRATE JUDGE


cc:
**PAUL J. BUKOVINSKY, II**
P. O. Box 225
Avella, PA 15312