IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL J. BUKOVINSKY, II, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 11-934 |
| ) | |
| v. ) | Judge Fischer |
| ) | Magistrate Judge Bissoon |
| COMMONWEALTH of ) | |
| PENNSYLVANIA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

Plaintiff Paul J. Bukovinsky, II, ("Plaintiff") filed the instant cause of action against Defendant Commonwealth of Pennsylvania ("Defendant") with this Court on July 18, 2011, pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 *et seq*. (Docket No. 1). In his complaint, Plaintiff alleges violations of his rights under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, based on (1) custody and support orders regarding his minor child; (2) civil contempt orders entered against him by a state court judge for failure to comply with orders of that court; (3) criminal charges brought against him, to which he pleaded *nolo contendere*; and (4) an incident in which Plaintiff allegedly impersonated a police officer. Compl. (Docket No. 4 at 3); see also (Docket No. 3-1 ¶¶ 30-31); see also (Docket No. 3-3 at 10-18, 37). Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on August 5, 2011. See Order of Aug. 5, 2011. Plaintiff sought only monetary damages from Defendant in his complaint. (Docket No. 4 at 3).

This case was referred to United States Magistrate Judge Cathy Bissoon for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules

72.C and 72.D of the Local Rules for Magistrates.  On August 10, 2011, the magistrate judge issued a report and recommendation, in which she recommended that Plaintiff's complaint be dismissed, *sua sponte*, under the provisions of 28 U.S.C. § 1915(e)(2)(B).  (Docket No. 5).  Plaintiff responded with objections on August 23, 2011.  (Docket No. 6).  The bases for Plaintiff's objections are largely addressed in the magistrate judge's report.  However, in the interest of thoroughness, the undersigned will address some of Plaintiff's arguments specifically.

First, Plaintiff argues that the procedural bar announced by the Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994), does not apply to him because his criminal record was expunged after he completed an Accelerated Rehabilitative Disposition ("ARD") program.  (Docket No. 6 at 7); (Docket No. 6-1 at 5-6).  The Court of Appeals has addressed this issue, and found that the completion of an ARD program did not constitute a favorable termination under Heck.  Fuchs v. Mercer Cnty., 260 F. App'x 472, 474-75 (3d Cir. 2008) (citing Gilles v. Davis, 427 F.3d 197, 209 n.8 and 211 (3d Cir. 2005)).  As such, this argument is meritless.

Next, with respect to his claims regarding the multiple orders of civil contempt levied against him in state court for his failure to comply with orders of that court, Plaintiff relies on a 1964 Missouri case in which that state's court of appeals held that a judgment of alimony could not be enforced by a civil contempt order.  Davis v. Broughton, 382 S.W.2d 219, 221 (Mo. Ct. App. 1964).  That holding was explicitly disapproved by the Supreme Court of Missouri in 1972.  See State ex rel. Stanhope v. Pratt, 533 S.W.2d 567, 571, 575 (Mo. 1976) ("We have ruled that trial courts are henceforth empowered to punish by imprisonment for contempt the failure of a person to comply with orders for payment of maintenance and child support").  It is, in fact, well established that "civil confinement pursuant to a civil contempt order is a valid method of assuring compliance with judgments[,]" including those involving support payments.  Tauro v.

Allegheny Cnty., 371 F. App'x 345, 348 (3d Cir. 2010) (citing Chadwick v. Janecka, 312 F.3d 597, 613 (3d Cir. 2002)). Plaintiff does not indicate that he was unable to pay the support order, or that he was held after he satisfied the judgment against him, or that he even is still incarcerated. He thus has failed to state a constitutional claim under this legal theory.

Next, Plaintiff asks this Court to issue an injunction forcing the state court judge who found Plaintiff to be in civil contempt to recuse himself from further proceedings involving Plaintiff, and to order the state court to modify the child custody order involving his daughter. (Docket No. 6 at 7). Plaintiff also seeks a declaration that "the family law cases" are unconstitutional. Id. This relief was not sought in the complaint (Docket No. 4), and appears to have been added in the objections merely as a method to circumvent the Eleventh Amendment's prohibition of suits against states in federal court. Assuming that it would be proper to allow this case to continue based on additional prayers for relief that were raised for the first time in objections, Plaintiff's claims still fail.

First, Plaintiff's prayers for injunctive and declaratory relief are not "prospective" in nature, and thus do not fall into the exception to Eleventh Amendment immunity articulated in Ex Parte Young. 209 U.S. 123, 155-56 (1908); see also Pennsylvania Fed'n of Sportsmen's Clubs, Inc., v. Hess, 297 F.3d 310, 323 (3d Cir. 2002) (noting the abrogation of Eleventh Amendment immunity in "suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law"). The Supreme Court has narrowly construed this exception, Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 102 (1984), and has declined to apply it to claims which, in actuality, seek redress for past injury by a state official. Green v. Mansour, 474 U.S. 64, 73 (1985). An examination of the injunctive and declaratory relief sought by Plaintiff in the instant case demonstrates that such claims are not

based on an ongoing violation of federal law.[1]  As such, the application of Ex parte Young to this case is not warranted.

Next, Plaintiff's claims for injunctive and declaratory relief run afoul of the Rooker-Feldman doctrine.  This is a judicially-created doctrine of abstention that bars the lower federal courts from reviewing certain state court actions.  See, e.g., Goodson v. Maggi, --- F. Supp. 2d ----, No. 08-44, 2011 WL 2533243, at *7 (W.D. Pa. June 23, 2011) (Lancaster, C.J.).  This doctrine applies to claims that meet the following four criteria: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments."  Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).  "The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim."  Great W., 615 F.3d at 166.  The Court of Appeals for the Second Circuit has provided the following example of a claim barred by Rooker-Feldman that is particularly germane to this case:

> Suppose a state court, based purely on state law, terminates a father's parental rights and orders the state to take custody of his son. If the father sues in federal court for the return of his son on grounds that the state judgment violates his federal substantive due-process rights as a parent, he is complaining of an injury caused by the state judgment and seeking its reversal.  This he may not do . . . .

---

[1] To the extent that Plaintiff attempts to make an argument that the fact that the custody and support orders at issue currently are in place creates an ongoing violation of his due process and equal protection rights based on gender, see (Docket No. 6 at 1, 3-4), the undersigned is not persuaded.  The record is utterly devoid of any factual support for an ongoing violation of federal law – especially with respect to the civil contempt orders of which Plaintiff complains.  See Goodson v. Maggi, --- F. Supp. 2d ----, No. 08-44, 2011 WL 2533243, at *17 and n.9 (W.D. Pa. June 23, 2011) (Lancaster, C.J.).

Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 87 (2d Cir. 2005).

Plaintiff's claims regarding the custody determination of the state court clearly are barred by Rooker-Feldman.  According to the allegations made in the complaint, Plaintiff complains of state court judgments against him in a child custody dispute with his ex-girlfriend, as well as findings of civil contempt for his repeated violations of that judgment.  (Docket No. 4 ¶ 1).  The order allegedly terminating Plaintiff's parental rights was entered on October 31, 2007, and the latest date on which a civil contempt order was entered was July 7, 2010 – long before the instant civil action was filed.[2]  Id. at ¶¶ 1, 3; see also (Docket No. 1); see also (Docket No. 4-1 at 1). Plaintiff asks this court to invalidate the state court's custody order.  This clearly fits into the test articulated in Great Western and, as such, the relief sought by Plaintiff is barred by Rooker-Feldman.

Finally, this Court is precluded from granting the injunctive and declaratory relief that Plaintiff seeks under the "domestic relations exception" to federal jurisdiction, which divests federal courts of the power to issue rulings regarding divorce, alimony, and child support and custody matters.  Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992).

Accordingly, this case will be dismissed.  Given the futility of any leave to amend, dismissal will be with prejudice.  See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

After *de novo* review of the pleadings and documents in the case, together with the report and recommendation, the following order is entered:

---

[2] In spite of Plaintiff's assertion that his parental rights were terminated in 2007, it appears from his filings that, as late as December 21, 2009, he was entitled to supervised visitation of his child. See (Docket No. 3-3 at 44).

AND NOW, this 30th day of September, 2011,

IT IS HEREBY ORDERED that Plaintiff's complaint is DISMISSED, with prejudice.

IT IS FURTHER ORDERED the magistrate judge's report and recommendation (Docket No. 5), as it is supplemented by this order, is adopted as the opinion of this Court.

BY THE COURT:

s/Nora Barry Fischer
NORA BARRY FISCHER
UNITED STATES DISTRICT JUDGE

cc:
**PAUL J. BUKOVINSKY, II**
P. O. Box 225
Avella, PA 15312